Contracts contrary to this particular statute have been declared void. Swords v. Owen, 43 How. Pr. 176, 34 N. Y. Super. Ct. 277, citing Pennington v. Townsend, 7 Wend. 276.

To the same effect was Griffith v. Wells, 3 Denio, 226.

A great mass of authorities holding contracts and business transactions contrary to statutes void is collected in 25 Amer. Rep. 675, note, (Woods v. Armstrong.)

Shepard & Prentiss, (William H. Shepard, of counsel,) for respondent.

(1) The use of the name Baumann Bros. is not a violation of the statute of 1833, c. 281, amended by Laws 1886, c. 262; or of section 363 of the Penal Code. It is well settled that a person may transact business under any name which he may assume for that purpose. Gay v. Seibold, 97 N. Y. 476; De Youngs v. Jung, (Com. Pl. N. Y.) 25 N. Y. Supp. 479. In Gay v. Seibold, supra, the court say: "To violate this statute, the designation 'and Company' or '& Co.,' must be used in the transaction of some business." The name Baumann Bros. does not in any way (without proof) tend, legally, to convey to any mind the impression that a firm is intended.

(2) The statute in question is highly penal, and will not be extended. It was intended to prevent the use of the name of a person not interested in a firm, and the inducement thereby of a false credit, to which it was not entitled. Zimmerman v. Erhard, 83 N. Y. 77; Wood v. Railway Co., 72 N. Y. 198, 9 Hun, 650; Rosenheim v. Rosenfield, (Sup.) 13 N. Y. Supp. 721; Barron v. Yost, (Com. Pl. N. Y.; Daly, C. J.) 12 N. Y. Supp. 456.

(3) The statute does not affect the validity of a contract, except where a credit has been obtained by a person using such name. It is not a defense to a debtor. Barron v. Yost, supra; Gay v. Seibold, supra.

PER CURIAM. We are of the opinion that the order and judgment appealed from should be affirmed, with costs. Even if the plaintiff has, by the use of the firm name of Baumann Bros., violated the provisions of section 363 of the Penal Code, and of the Laws of 1833, (which we do not decide,) he has not thereby become an outlaw, and lost all civil rights. Judgment and order affirmed, with costs.

---

BAUMANN v. DE LOGEROT et al.

(Supreme Court, General Term, First Department. December 15, 1893.)

Appeal from special term, New York county.

Action by Ludwig Baumann against Richard De Logerot and another. From an order granting judgment on demurrer as frivolous, and from the judgment entered thereon, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

F. R. Coudert, Jr., for appellants.
W. H. Shepard, for respondent.

PER CURIAM. Order and judgment affirmed, with costs.